UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**IN RE: MICHAEL JOHN STAR,**    Case No. 06-30571-DOT
    **Debtor**    Chapter 13

**MEMORANDUM OPINON AND ORDER**

This matter is before the court on debtor's motion to proceed without meeting the credit counseling requirement of 11 U.S.C. §109(h) and on debtor's motion to conduct his § 341 meeting of creditors telephonically. Debtor Michael Star, acting *pro se*, filed a motion seeking a permanent exemption from the credit counseling requirement pursuant to § 109(h)(4). The trustee timely filed an objection to debtor's motion to proceed without credit counseling. Debtor's motion to appear telephonically for his § 341 meeting is unopposed.

**Facts.**

Debtor is presently incarcerated in the Virginia Department of Corrections. He filed a petition for relief under chapter 7 of the Bankruptcy Code on March 17, 2006. Debtor did not complete the credit counseling as required by 11 U.S.C. §109(h)(1) before filing his case. Rather, debtor filed simultaneously with his petition a certification of completion of instructional course concerning personal financial management, asserting no such course was required because debtor was incapacitated or disabled as defined in § 109(h). The clerk's office issued a notice to cure credit counseling and a notice of deficiency with regard to debtor's petition, schedules, and forms, both of which were returned from the prison due to the prison's inability to identify debtor without an inmate number. This returned mail was received March 24, 2006. Debtor's motion to proceed without counseling was filed on April 3, 2006.

1

Meanwhile, the notice of the scheduled meeting of creditors was mailed to debtor March 22, 2006, advising debtor the meeting was to be held April 11, 2006, at 10:00 a.m. in the office of the U.S. Trustee. In response, debtor filed a motion to proceed with the creditors' meeting telephonically. The motion was dated April 11, 2006, but not filed with the court until April 14, 2006. Due to debtor's present incarceration, debtor failed to attend his § 341 meeting of creditors, and pursuant to Local Rule 2003-1, the U.S. Trustee filed a certification that debtor did not appear at the scheduled meeting and that assets would not be available for distribution to creditors. Under the local rules, upon such certification, the clerk's office is required to enter an order dismissing the case. However, for the reasons stated below, the court will waive Local Rule 2003-1(B)(2)(b) requiring dismissal of debtor's case for failure to attend the § 341 meeting of creditors, and will grant debtor an extension of time to receive credit counseling pursuant to §109(h)(3).

## Conclusions of Law.

In support of his motion to proceed without meeting the credit counseling requirement of 11 U.S.C. §109(h), debtor asserts the following: (a) he is presently incarcerated in the Virginia Department of Corrections and anticipates serving an additional three years before his release; (b) no credit counseling courses are available to him; and (c) he does not have access to internet or conventional phone usage. Based on the above, debtor asserts he should be considered "disabled" under Bankruptcy Code § 109(h)(4) and therefore granted a permanent waiver of the credit counseling requirement of § 109(h)(1).

Section 109(h)(4) provides that the credit counseling requirement does not apply to persons who are incapacitated, disabled, or on active military duty in a combat zone. The Code specifically defines disability to mean "that the debtor is so *physically impaired* as to be unable,

2

after reasonable effort, to participate in an in person, telephone, or internet briefing required under [§ 109(h)(1)]." 11 U.S.C. § 109(h)(4) (2006) (emphasis added). As defined by The American Heritage College Dictionary, "impaired" means: "1. Diminished, damaged, or weakened; 2. Functioning poorly or incompetently; 3. Having a physical or mental disability." American Heritage College Dictionary 694 (4th ed. 2004). In his response to the U.S. Trustee's objection, debtor argues that no such courses are available for him to attend in person, by phone or via internet. He further argues that because of the specific restrictions of his environment, he is "physically prevented" from participating in any such classes. Although the court is sympathetic to debtor's situation, his incarceration is not within the meaning of "disability" intended by Congress when they drafted § 109(h)(4), and therefore debtor does not meet the exception for permanent waiver pursuant to § 109(h)(4).

Though not referenced in debtor's motion, §109(h)(2)(A) provides for a permanent waiver of the credit counseling requirement if the debtor resides "in a district for which the United States Trustee . . . determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements [of § 109(h)(1)]." 11 U.S.C. § 109(h)(2)(A). The United States Trustee has not made any such determination regarding the district in which the debtor resides, and accordingly the court cannot grant debtor's motion pursuant to § 109(h)(2)(A).

The court therefore concludes that debtor's circumstances to do not fall within the limited exceptions delineated in § 109(h)(2) or (4) to allow him a *permanent* waiver of the credit counseling requirement of § 109(h)(1). The U.S. Trustee asserts in its objection that debtor should not be granted a permanent waiver of the credit counseling requirement and that because

3

debtor has failed to comply with the requirement of § 109(h)(1), debtor's case should be dismissed.

Although the above statutory grounds do not support debtor's motion for a permanent waiver of the credit counseling requirement, given debtor's current circumstance, the court will allow him to proceed under § 109(h)(3).  This section provides that the court may *defer* the requirement of credit counseling for a period of 30 days, or for an additional 15 days for cause shown, from the date of the filing of the bankruptcy petition upon a submission by debtor that describes exigent circumstances that merit a waiver of the requirements of  § 109(h)(1). The court will treat debtor's motion to proceed and his response to the U.S. Trustee's objection as the required submission and for good cause shown will order an additional 15 days for completion of the requirement.  Accordingly,

**IT IS ORDERED** that debtor must complete credit counseling as required by the Code[1] within 45 days of the filing of his petition, or by **May 1, 2006**; and

**IT IS FURTHER ORDERD** that upon completion of credit counseling, debtor shall attend, telephonically, a new § 341 meeting of creditors to be held **May 30, 2006, at 9:00 a.m.** at the Office of the U.S. Trustee, 600 E. Main St., Suite 301, Richmond, Virginia 23219.  The chapter 7 trustee conducting the meeting shall phone debtor at the Virginia Department of Corrections at the scheduled time.

SIGNED: _____

---

[1] Debtor states in his motion to appear telephonically that full cooperation will be given by the Warden's Office to ensure debtor telephone access to participate in the meeting.  The court suggests he make similar arrangements with the Warden to allow him access to the telephone or internet so that he may complete the required credit counseling course.

4

                                                <u>/s/ Douglas O. Tice Jr.</u>
                                                DOUGLAS O. TICE JR.
                                                CHIEF JUDGE
                                                UNITED STATES BANKRUPTCY COURT

**Copies to:**

Michael John Star
GRCC 339637
901 Corrections Way
Jarratt, VA 23870
*Debtor*

Harry Shaia, Jr
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, VA 23294
*Chapter 7 Trustee*

Shannon Franklin
Office of the U. S. Trustee
600 E. Main St., Suite 301
Richmond, VA 23219